# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| James Blain Eaton, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| vs. | ) | **MOTION TO VACATE, SET ASIDE,** |
| | ) | **OR CORRECT SENTENCE** |
| United States of America, | ) | |
| | ) | Case No. 1:16-cv-135 |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James Blain Eaton, | ) | Case No. 1:10-cr-011 |
| | ) | |
| Defendant. | ) | |

The Defendant is serving a 120-month sentence for possession of a firearm and ammunition by a convicted felon. On June 1, 2016, the Defendant filed a "Motion to Vacate under 28 U.S.C. § 2255 (*Johnson vs. US).*" See Docket No. 45. The Defendant's motion is based on the United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). After an initial review of the motion, the Court ordered the Government to file a response. On June 16, 2016, the Government filed a response in opposition to the motion. See Docket No. 47. The Defendant filed a supplement on June 24, 2016. See Docket No. 52. The Defendant filed a reply on July 6, 2016. See Docket No. 54. The Government filed a supplemental response on July 7, 2016. See Docket No. 57. For the reasons set forth below, the motion is granted.

**I.	BACKGROUND**

On March 30, 2010, a federal grand jury indicted Eaton on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (count one) and one count of possession of a firearm and ammunition by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (count two). See Docket No. 3. On June 21, 2010, Eaton pled guilty to count one of the indictment. See Docket No. 31. A sentencing hearing was held on September 30, 2010, at which time it was determined that because Eaton had prior convictions from Oklahoma for burglary conviction, robbery by force, and attempted robbery in the first degree, he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). See Docket No. 41. The Court's finding that Eaton was an armed career criminal triggered a mandatory minimum sentence of 180-months. The advisory Sentencing Guideline range was determined to be 168-210 months. See Docket No. 44. After granting the Government's motion for a downward departure, the Court sentenced Eaton to 120-months in prison and 36-months of supervised release. See Docket No. 43. No appeal was taken.

On June 1, 2016, Eaton filed a Section 2255 motion citing the recent opinion of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), as the basis for the motion. Eaton contends that in the wake of *Johnson*, he no longer qualifies as an armed career criminal. Eaton's prior convictions, which resulted from guilty pleas, are as follows:

1) Robbery by force, Noble County, Oklahoma, on or about November 9, 2000, (Case No. CF-2000-112). See Docket No. 47-2.

2) Attempted robbery in the first degree, Garfield County, Oklahoma, on or about June 14, 2001, (Case No. CF-2000-432). See Docket No. 49.

3) Burglary in the second degree, Payne County, Oklahoma, on or about October 13, 2000, (Case No. CF-2000-421). See Docket Nos. 47-5 and 47-6.

The Government contends Eaton's burglary conviction still qualifies as a 924(e) predicate under the "enumerated offenses clause" of the ACCA and his robbery by force and attempted robbery in the first degree convictions qualify under the "force clause" of the ACCA. The matter has been fully briefed and is ripe for a decision.

## II.   STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)).  This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994).  A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).  Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis, 417 U.S. at 343.

In a case involving an ACCA conviction based on *Johnson*, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Redd v. United States, No. 4:16-CV-1665, 2017 WL 633850, at *2 (E.D. Mo. Feb. 16, 2017) (quoting Hardman v. United States, 149 F. Supp. 3d 1144, 1148 (W.D. Mo. 2016)).  The movant need not show he was sentenced under the residual clause to maintain a Section 2255 claim under *Johnson*. United States v. Winston, 850 F.3d 677,

3

682 (4th Cir. 2017) (noting sentencing judges are not required to specify under which clause of 18 U.S.C. § 924(e)(2)(B) an offense qualified as a violent felony).  A movant may rely on the new rule of constitutional law announced in *Johnson* if his sentence may have been predicated on the now void residual clause.

On a Section 2255 motion, the determination of whether a prior conviction qualifies as a predicate violent felony under the ACCA is subject to *de novo* review.  Winston, 850 F.3d at 683; In re Chance, 831 F.3d 1335, 1338-39 (11th Cir. 2016).  The court's review is not constrained to the law as it existed when the movant was sentenced, but should be made with the assistance of binding intervening precedent which clarifies the law.  In re Chance, 831 F.3d at 1340; Winston, 850 F.3d at 683-84 (applying intervening case law); Redd, No. 4:16-CV-1665, 2017 WL 633850, at *4 n. 3. (noting decisions which clarify or apply existing law or a settled rule apply on collateral review).  The burden remains on the movant to show that his sentence, in the wake of *Johnson*, is no longer authorized by the ACCA.  In re Chance, 831 F.3d at 1341.

### III.   LEGAL DISCUSSION

The ACCA's 180-month mandatory minimum penalty applies when a defendant has at least three prior felony convictions for a "serious drug offense" or a "violent felony," as defined in 18 U.S.C. § 924(e)(2).  Absent the armed career criminal finding, the maximum sentence for being a felon in possession of a firearm is 120-months.  See 18 U.S.C. § 924(a)(2).  The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

> (i) **has as an element the use, attempted use, or threatened use of physical force against the person of another**; or
>
> (ii) <u>is burglary, arson, or extortion, involves use of explosives</u>, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion of this definition in bold is known as the "force clause" or "elements clause." The underlined portion of this definition is known as the "enumerated offenses clause." The italicized portion is known as the "residual clause."

In *Johnson,* the United States Supreme Court held the residual clause of the ACCA was vague, and the application of the residual clause violates the Constitution's guarantee of due process. <u>Johnson</u>, 135 S. Ct. at 2563. The holding of *Johnson* applies retroactively on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016). However, the holding in *Johnson* does not apply to the advisory federal Sentencing Guidelines. <u>Beckles v. United States</u>, 137 S. Ct. 886, 895 (2017) (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause). Therefore, the residual clause no longer provides a basis for qualifying a prior conviction as a "violent felony" under the ACCA.

The crimes listed in the enumerated offense clause refer to the generic version of the offense, and not to all versions of offenses. See <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990); <u>Mathis v. United States</u>, 136 S. Ct. 2243, 2248 (2016). In order to determine if a prior conviction qualifies, courts apply the "categorical approach." <u>Taylor</u>, 495 U.S. at 600; <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281 (2013). The categorical approach requires comparing the elements of the offense of conviction to the elements of the generic offense. <u>Taylor</u>, 495 U.S. at 600; <u>Descamps</u>, 133 S. Ct. at 2281. The particular facts underlying the prior conviction are not considered. <u>Taylor</u>, 495 U.S. at 600. The prior conviction qualifies only if the elements of the offense are the same or narrower than the elements of the generic offense.

Descamps, 133 S. Ct. at 2281. If the statute is broader than the generic crime, a conviction under that statute cannot serve as a predicate offense under the ACCA. Id. at 2283.

However, in a narrow range of cases, the sentencing court may apply the "modified categorical approach" and look beyond the statutory elements to a limited class of documents to determine what the elements of the underlying offense were. Id. at 2283-84. The United States Supreme Court has said lower courts may only look at the elements of the charge to which the defendant pled guilty and not to the particular facts or the factual basis for the plea. Taylor, 495 U.S. at 600-01 (rejecting the factual approach which permitted sentencing courts to look at "the facts of each defendant's conduct" in favor of a categorical elements only approach); Descamps, 133 S. Ct. at 2284 (stating the "factual basis" for the prior plea is not to be considered when applying the modified categorical approach); Mathis, 136 S. Ct. at 2252 (adhering to an "elements-only inquiry" which does not permit a judge to look at "what the defendant had actually done" or "explore the manner in which the defendant committed that offense").

"The modified categorical approach is available only when a statute lists alternative elements and thus defines multiple separate crimes" and reference to the statute alone does not disclose which version of the offense was charged. United States v. Bess, 655 Fed. App'x 518, 520 (8th Cir. 2016). Such a statute is "divisible," because it "comprises multiple, alternative versions of the crime." Descamps, 133 S. Ct. at 2284. The modified categorical approach may only be used when the elements of the offense are divisible and may not be used when the elements are indivisible. Id. at 2282. The limited class of documents the court may review to determine which alternative, with which elements, formed the basis of the prior conviction includes the charging document, jury instructions, plea agreement, and transcript of the plea colloquy. Id. at 2284. The court can then compare the elements of the prior conviction with the

elements of the generic offense, just as is done when applying the categorical approach, and determine whether the prior conviction corresponds to the generic offense and thus qualifies as a violent felony. Id.; Mathis, 136 S. Ct. at 2249. The focus always remains on the elements, and the underlying facts remain irrelevant. Descamps, 133 S. Ct. at 2285; Mathis, 136 S. Ct. at 2253.

In some cases it can be difficult to determine whether the statute of conviction sets forth alternative elements, or alternative factual means, of satisfying a single element. Mathis, 136 S. Ct. at 2249. The distinction is important because the sentencing court may only look to the elements of the offense and not to the facts related to the defendant's conduct. Id. at 2251. For example, a statute may set forth various places that the crime of burglary could occur and satisfy an element of the offense, none of which are essential to the conviction. Id. at 2249. State court case law may provide the elements versus means answer. Id. at 2256. The statute itself may provide the answer because if the alternatives carry different punishments then they are clearly elements. Id. The statute may contain a list of "illustrative examples" that are simply means of commission and not elements that must be charged. Id. The statute may also identify things which must be charged, and thus are elements, and things which need not be charged, and thus are means. Id. The court may "peek" at the record documents to determine whether the items listed in the statute are elements or means. If the statute and the record fail to provide a clear answer, the conviction does not qualify as a predicate offense for ACCA purposes. Id. at 2257.

### A.     BURGLARY

In 2000, Eaton pled guilty to burglary in the second degree in Oklahoma. See Docket Nos. 47-5 and 47-6. The question before the Court is whether this burglary conviction qualifies as a violent felony under the ACCA's enumerated offenses clause. The United States Supreme

Court has said generic burglary consists of the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit an offense." Taylor, 495 U.S. at 599. The parties dispute whether Eaton's burglary conviction qualifies. It does not appear the Eighth Circuit Court of Appeals has ever had occasion to address Oklahoma's burglary statute in relation to the ACCA.

### 1.    THE CATEGORICAL APPROACH

Applying the categorical approach requires the Court to compare the elements of generic burglary with the elements of Oklahoma's burglary statute. Generic burglary consists of the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit an offense." Taylor, 495 U.S. at 599. Oklahoma's second degree burglary statute provides as follows:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

Okla. Stat. tit. 21, § 1435 (1961).

The parties agree Oklahoma's burglary statute is broader than generic burglary because it covers an array of vehicles broader in scope than the "building or structure" referenced in the generic burglary definition. The Court agrees that because Oklahoma's burglary statute covers vehicles, it is broader than generic burglary. Thus, Eaton's Oklahoma burglary conviction does not qualify categorically as an ACCA violent felony. See Shepard v. United States, 544 U.S. 13, 15-16 (2005) (noting the ACCA "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle"); Mathis, 136 S.

Ct. at 2250 (Iowa burglary statute covering "any building, structure, [or] land, water, or air vehicle" was broader than generic burglary); United States v. Bess, 655 Fed. App'x 518, 519 (8th Cir. 2016) (finding Missouri's second-degree burglary statute defined inhabitable structure to include a ship, trailer, sleeping car, airplane, or other vehicle or structure was broader than generic burglary). Nevertheless, the "modified categorical approach" may be used to determine if Eaton's burglary conviction qualifies as an ACCA predicate. See Descamps, 133 S. Ct. at 2284.

### 2. THE MODIFIED CATEGORICAL APPROACH

Before the Court can apply the "modified categorical approach," it must first determine whether the statute in question is divisible. See Bess, 655 Fed. App'x at 520. If the statute is not divisible, the Court is not allowed to apply the modified categorical approach. Id. A statute is only divisible if it lists alternative elements. Id. If the statute lists alternative means of satisfying an element, then it is not divisible, the modified categorical approach cannot be used, and the convictions in question do not qualify as ACCA predicates. Id.

The question in this case is whether the phrase "any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection" in Oklahoma's second degree burglary statute lists alternative elements or alternative means. Eaton contends the phrase is a listing of means of satisfying the "structure or erection" element. The Government contends the list contains alternate elements, any one of which may be charged to satisfy the statute's locational element.

There does not appear to be any case law from Oklahoma which sheds light on the means versus elements question. The statute itself does not indicate what language must be charged.

9

There is no difference in the penalty, which would be indicative of alternative elements, based on how the offense is charged. Most of the tools the United States Supreme Court in *Mathis* suggested the lower courts use in making a divisibility determination are lacking when analyzing Oklahoma's second degree burglary statute. A "peek at the record" reveals Eaton was charged with burglarizing a "building" with no reference to any other structure or a vehicle. Mathis, 136 S. Ct. at 2256. A charging document which references one alternative location, to the exclusion of all others, demonstrates the statute lists alternative elements. Id. at 2257. The manner in which Eaton was charged demonstrates the statute lists alternate elements. See Docket No. 47-6. Any one of the listed structures or vehicles could be charged and proven to satisfy the locational element of the statute. Because the charging document only references burglary of a "building," the statute is divisible, and the Court may apply the modified categorical approach. See Taylor, 495 U.S. at 599.

Applying the modified categorical approach and comparing the elements in the charging document to the generic offense, the Court finds that Eaton's second degree burglary conviction still qualifies as an ACCA predicate. See Docket No. 47-6. The charging document demonstrates Eaton was only charged with burglarizing a "building" and makes no reference to any other structures or vehicles. See Docket No. 47-6. Thus, Eaton's burglary conviction equates with the generic definition of burglary and counts as a violent felony for ACCA purposes.

### B. ROBBERY

The parties dispute whether Eaton's convictions for robbery by force and attempted robbery in the first degree qualify under the force clause of the ACCA. A conviction under the

force clause of the ACCA qualifies if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Physical force 'means violent force--that is, force capable of causing physical pain or injury to another person.'" United States v. Eason, 829 F.3d 633, 640 (8th Cir. 2016) (quoting Curtis Johnson v. United States, 559 U.S. 133, 140 (2010)).

### 1.    ROBBERY BY FORCE

Eaton was convicted of "robbery by force" on November 9, 2000, in Noble County, Oklahoma. See Docket Nos. 47-1 and 47-2. The parties dispute whether this conviction qualifies as an ACCA predicate under the force clause. Applying the categorical approach, the Court looks only to the fact of conviction and the statutory definition of the elements of the offense of conviction. Eason, 829 F.3d at 640. The Oklahoma robbery by force statute under which Eaton was convicted reads, in pertinent part, as follows:

> (1) Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

Okla. Stat. tit. 21, § 791 (2000) (emphasis added). The elements of the offense are as follows:

First, wrongful;

Second, taking;

Third, carrying away;

Fourth, personal property;

Fifth, of another;

Sixth, from the person/(immediate presence) of another;

Seventh, by force/fear.

11

Vernon's Okla. Forms 2d, OUJI-CR 4-142 Robbery in the Second Degree.

Eaton contends the phrase "force or fear" renders the statute broader than the ACCA's force clause of Section 924(e)(2)(B)(i). The Government does not contest the point. The Court agrees Oklahoma's robbery statute is broader than the ACCA's force clause because the offense may be accomplished by fear or force. Nevertheless, Eaton's robbery by force conviction may qualify as a predicate offense under the "modified categorical approach" if the statute in question is divisible.

It is well-established that the disjunctive phrase "force or fear" in Oklahoma's robbery statute contains alternate coercive elements, only one of which need be charged and proven to sustain a conviction. Thoreson v. State, 100 P.2d 896, 901 (Okla. Crim. App. 1940); Whitehead v. State, 526 P.2d 959, 962 (Okla. Crim. App. 1974); Pisano v. State, 636 P.2d 358, 361 (Okla. Crim. App. 1981); Wilson v. State, 637 P.2d 900, 902 (Okla. Crim. App. 1981). Thus, the statute is divisible, and the Court may apply the modified categorical approach to determine if Eaton's robbery conviction involved the use of force or fear.

The charging document relating to Eaton's conviction for robbery by force shows he committed the offense "by means of force and violence." See Docket No. 47-2. Thus, it appears Eaton's robbery by force conviction would qualify as an ACCA predicate under the force clause as the offense has as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

However, Eaton contends the force required by the Oklahoma statute is less than the violent force required by the ACCA and, thus, an Oklahoma robbery by force conviction cannot count as an ACCA predicate. The question the Court must answer is whether robbery by force in Oklahoma necessitates the use of violent force as required by the ACCA.

A conviction under the force clause of the ACCA qualifies if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Physical force 'means violent force--that is, force capable of causing physical pain or injury to another person.'" Eason, 829 F.3d at 640 (quoting Curtis Johnson, 559 U.S. at 140). The Supreme Court in *Curtis Johnson* raised the necessary quantum of force required by the ACCA from *de minimis* to violent. Eason, 829 F.3d at 641. Examples of physical force that are capable of causing physical pain or injury include "hitting, slapping, shoving, grabbing, pinching, biting and hair pulling." Castleman, 124 S. Ct. at 1421 (Scalia, J., concurring in part and in the judgment). The Court must look to the statute which defines the crime in question and state case law interpreting the statute to determine whether the crime requires more than *de minimis* force. Eason, 829 F.3d at 641; United States v. Taylor, No. CR1591JNELIB1, 2017 WL 506253, at *4 (D. Minn. Feb. 7, 2017) (finding Minnesota simple robbery requires more than *de minimis* force).

In *Eason*, the Eighth Circuit Court of Appeals held that the degree of physical force required by Arkansas' robbery statute was not the same degree of physical force required by the ACCA after *Curtis Johnson* and thus could not qualify as a violent felony. Eason, 829 F.3d at 641-42. Arkansas defined physical force as "any bodily impact, restraint, or confinement" or threat thereof. Id. at 641. The Eighth Circuit explained that since the Arkansas Supreme Court had found a robbery conviction could be sustained even in the absence of a threat or any injury and the ACCA requires physical pain or injury, it could not conclude the degree of force required for an Arkansas robbery conviction rises to the level of physical force required to establish a crime of violence for ACCA purposes. Id. at 641-42; see also United States v. Bell,

13

840 F.3d 963, 967 (8th Cir. 2016) (finding Missouri's second-degree robbery statute does not necessarily require the type of violent force required by *Curtis Johnson*).

The force requirement in the Oklahoma robbery statute can be satisfied by any amount of force, and "the degree of force is immaterial." Okla. Stat. tit. 21, § 793. Oklahoma's pattern jury instructions define force as "force, of any degree, used to obtain or to retain possession of property or to prevent or to overcome resistance to its taking." Vernon's Okla. Forms 2d, OUJI-CR 4-146. The Oklahoma Court of Criminal Appeals has explained that the force requirement in Oklahoma's robbery statute may be satisfied by "actual, personal violence, but the degree of force used is immaterial." Smith v. State, 378 P.2d 790, 792 (Okla. Crim. App. 1963) (overruled in part on other grounds by Coleman v. State, 506 P.2d 558 (Okla. Crim. App. 1972)); Norris v. Oklahoma Dep't of Corr., No. 09-CV-225, 2012 WL 5429391, at *4 (N.D. Okla. Nov. 7, 2012) (finding the use of some force to grab a parcel of diamonds from a clerk's hands was adequate under Oklahoma's robbery by force statute because the degree of force employed is immaterial). Since the degree of force required to satisfy Oklahoma's robbery statute is immaterial, even *de minimis* force would be sufficient. Thus, the Court cannot conclude that the amount of force required to commit a robbery in Oklahoma rises to the level of violent force required by the ACCA. The Court finds that Eaton's Oklahoma robbery by force conviction does not qualify as an ACCA predicate.

### 2. ATTEMPTED ROBBERY IN THE FIRST DEGREE

Eaton was convicted of "attempted robbery in the first degree" in Garfield County, Oklahoma on June 14, 2001. See Docket No. 49. A conviction qualifies under the force clause of the ACCA if it "has as an element the use, attempted use, or threatened use of physical force

14

against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Eaton contends that an attempted offense under Oklahoma law cannot qualify as an ACCA predicate because Oklahoma's general attempt statute does not require the attempted use of force.

At the time of Eaton's offense, Oklahoma defined robbery in the first degree as "[r]obbery, when accomplished by the use of force, or of putting the person robbed in fear of some immediate injury to his person, is robbery in the first degree." Okla. Stat. tit. 21 § 797 (2000). "Robbery," in turn, was defined as "a wrongful taking of personal property in possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear." 21 Okla. Stat. tit. 21 § 791. There is little question that Oklahoma's robbery in the first degree statute, Section 797, is divisible. See Whitehead, 526 P.2d at 962. A "peek" at the charging document reveals that fear of some immediate injury, rather than force, was charged. See Docket No. 49. The elements of first degree robbery are as follows:

> First, wrongful;
>
> Second, taking;
>
> Third, carrying away;
>
> Fourth, personal property;
>
> Fifth, of another;
>
> Sixth, from the person/(immediate presence) of another;
>
> Seventh, when in the course of the robbery, the defendant puts the person robbed in fear of some immediate injury to his person.

Vernon's Okla. Forms 2d, OUJI-CR 4-141 Robbery in the First Degree (as modified to reflect the version of the offense in effect in 2000).

Oklahoma's attempt statute provides as follows:

15

> A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:
>
> (a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or,
>
> (b) when causing a particular result in an element of the crime, does anything with the purpose of causing or with the belief that it will cause such result, without further conduct on his part.

Okla. Stat. tit. 21 § 44. "The essential elements of an attempt to commit robbery . . . are . . . the intent to commit the crime, the performance of some act towards its commission, commonly called an 'overt act,' and the failure to complete or consummate the crime." Langdell v. State, 657 P.2d 162, 164-65 (Okla. Crim. App. 1982) (internal citations omitted). An overt act "is sufficient . . . if it goes far enough toward accomplishment of [the] offense to amount to commencement of its consummation." Taylor v. State, 251 P.2d 523, 526 (Okla. Crim. App. 1952) (internal citations omitted). Attempt, rather than mere preparation, "consists of a direct movement toward consummation of intended crime after preparations have been made." Id. Mere "preparation is not enough." Weimar v. State, 556 P.2d 1020, 1025 (Okla. Crim. App. 1976).

The case law from the Eighth Circuit Court of Appeals provides contradictory guidance on whether the Court's analysis should focus on the elements of the attempt statute or the elements of the underlying uncompleted crime. See United States v. Alexander, 809 F.3d 1029, 1033 (8th Cir. 2016) (analyzing Missouri's attempt statute); United States v. Johnson, No. 16-2175, 2017 WL 1906877, at *2 (8th Cir. May 9, 2017) (finding attempted second degree aggravated robbery was a violent felony where it was undisputed that second degree aggravated robbery was a violent felony); United States v. Price, 851 F.3d 824, 826 (8th Cir. 2017) (rejecting an attempt argument under the ACCA and noting that under the Sentencing Guidelines

16

if a completed crime is a crime of violence then an attempt to commit that crime automatically qualifies as a crime of violence).

The Court will look to the elements of the offense which was attempted rather than the elements of Oklahoma's stand-alone attempt statute because the elements of the attempt statute do not lend themselves to meaningful analysis of whether Eaton's attempted first degree robbery conviction is a violent felony as defined by the ACCA. Were the Court to analyze the elements of attempt it would lead to a near categorical exclusion of attempt convictions from qualifying as violent felonies under the ACCA's force clause. The text of the ACCA, which applies to the "use, <u>attempted use</u>, or threatened use of physical force against the person of another" does not support categorical exclusion of attempt convictions. <u>See</u> 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added).

In this case, Oklahoma's first degree robbery statute has as an element putting "the person robbed in fear of some immediate injury to his person." Okla. Stat. tit. 21 § 797 (2000). A conviction under the force clause of the ACCA qualifies if it "has as an element the use, attempted use, or <u>threatened use</u> of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). "Physical force 'means violent force--that is, force capable of causing physical pain or injury to another person.'" <u>United States v. Eason</u>, 829 F.3d 633, 640 (8th Cir. 2016) (internal citations omitted). "It is impossible to cause bodily injury without applying force." <u>Castleman</u>, 134 S. Ct. at 1415. Clearly then, one cannot be placed in fear of an immediate injury if force capable of causing such an injury is not threatened. <u>See</u> <u>United States v. Lamb</u>, 638 Fed. App'x. 575, 576-77 (8th Cir. 2016) (holding fear of immediate personal injury suffices under the ACCA), vacated on other grounds by 137 S. Ct. 494 (2016); <u>United States v. Matthews</u>, No. 15-2298, 2017 WL 1857265, at *4 (6th Cir. May 8, 2017) (the threat of

17

injury is necessary to put a person in fear and such a threat is sufficient under the ACCA); Whitehead, 526 P.2d at 962 (fear is presumed when a weapon is used to accomplish a robbery). Because Eaton's attempted first degree robbery involved the "threatened use of force against the person of another," the Court finds the conviction qualifies as a violent felony under the ACCA.

IV.   **CONCLUSION**

The Court concludes, as a matter of law, that Eaton is entitled to the relief he seeks because he does not have three ACCA predicate convictions and thus does not qualify as an armed career criminal. For the reasons set forth above, the Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 45) is **GRANTED**. A resentencing hearing will be scheduled in the near future.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2017.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court